SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
BRIAN R. BLACKMAN, Cal. Bar No. 196996
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SCOTT B. LIEBERMAN, Cal. Bar No. 208764
RUBEN D. ESCALANTE, Cal. Bar No. 244596
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714-513-5100
Facsimile: 714-513-5130

Attorneys for Defendant
CIT GROUP, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MASTODON INVESTMENTS, GREG RAFFETTO, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CIT BUSINESS LENDING,<br><br>    Defendants. | Case No. 08-CV-392 FCD (KJM)<br><br>Assigned to:<br>The Honorable Kimberly J. Mueller<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>(With modifications by Court in underline/strikeout format)<br><br>Complaint Filed: January 23, 2008<br>Served: January 23, 2008<br>Removed: February 21, 2008 |

# STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION PRODUCED OR UTILIZED IN DISCOVERY

This Stipulation and [Proposed] Protective Order Concerning Confidential Information Produced or Utilized in Discovery (the "Protective Order") between pro se Plaintiffs Greg Raffetto, Gaylon Teslaa, and Sara Teslaa (collectively, "Plaintiffs"), on the one hand, and defendant CIT Group, Inc. ("CIT"), on the other, is made in the above-captioned Action on the following terms and conditions:

WHEREAS, discovery in this Action may involve the disclosure of confidential, private and/or sensitive business and/or private financial information that requires protection from disclosure to the public or to third parties;

WHEREAS, the disclosure of any such confidential information within this action is made solely for the purposes of this Action and should not be used for any other purpose; and

WHEREAS, the parties to this action seek to establish procedures that will protect all confidential information while expediting the discovery process, limiting the occasion for discovery disputes regarding confidentiality, and facilitating the disposition by the Court of any disputes that may arise in connection with discovery.

NOW, THEREFORE, it is hereby stipulated and agreed, by and between the parties, as follows:

1. **DEFINITIONS**

    **1.1** Action. As used herein, the term "Action" shall mean and refer to the above-captioned matter and to all actions consolidated at any time under the above-captioned matter, through final judgment, and to any appeal from the Action.

    **1.2** Confidential Information. As used herein, the term "Confidential Information" shall mean and refer to (a) any type of information that has not been made public and the disclosure of which the disclosing party contends would cause substantial harm to the disclosing party's business operations or interests or divulge their personal financial affairs or transactions, including, but not limited to, customer lists, customer data,

-1-

1 | vendor information, employees, financial information, costs of goods or services sold, or
2 | other costs of doing business, employee salaries, marketing plans, banking records,
3 | property appraisals, accounts payable, accounts receivable, financial statements, tax
4 | returns, characteristics of proprietary products or business methods, financial performance
5 | data, and sales, product development, and business development strategies; (b) data
6 | derived from such Confidential Information, including any summaries, compilations,
7 | notes, quotes or paraphrases thereof; (c) any other oral, written, or recorded material which
8 | consists of or contains trade secrets or other confidential research, development, or
9 | commercial information lawfully entitled to confidential treatment under California law
10 | and/or the Federal Rules of Civil Procedure; and (d) any other type of information that has
11 | been held to be confidential in any precedential case decided by the U.S. Supreme Court,
12 | the 9th Circuit, the Federal Court of Appeals, the California Supreme Court, and/or the
13 | California Federal District Courts.

**1.3** <u>Document</u>. As used herein, the term "Document" shall mean and refer to all things that come within the definition of "document" contained in Federal Rule of Civil Procedure 34(a)(1), including without limitation, documents and writings of any kind, however reproduced and however transcribed; electronic recordings of any kind, including computer program files, data files, source code, CD-ROM or electronic mail; photographs or other visual or audio-visual recording of any kind, including still or motion pictures, microfilm, microfiche, videotapes, compact discs, laser discs, or DVDs; and sound recording of any kind, including voice mail, cassettes, microcassettes, or compact discs. Every original draft, iteration, or non-identical copy is a separate Document as that term is used herein.

**1.4** <u>Designating Party</u>. As used herein, the term "Designating Party" shall mean and refer to the party in this Action designating a Document as "Confidential."

**1.5** <u>Producing Party</u>. As used herein, the term "Producing Party" shall mean and refer to the party producing Documents or providing testimony or written discovery

responses in the Action, whether informally or pursuant to the Federal Rules of Civil Procedure and any other applicable laws or rules of court.

**1.6** Legend. As used herein, the term "Legend" shall mean and refer to a stamp or similar insignia stating "Confidential," or other appropriate term identifying the level of confidentiality of the Document.

**1.7** When reference is made in this Protective Order to any Document, the singular shall include the plural, and plural shall include the singular.

**2. TERMS OF THE PROTECTIVE ORDER**

**2.1** Designation of Documents

2.1.1 This Protective Order applies to all discovery responses and other materials containing Confidential Information disclosed or utilized in this Action that are designated by a Producing Party as "Confidential" under this Protective Order, whether such disclosure is by order of the Court, in response to questions in a deposition, written interrogatories, requests for the production of documents and other tangible things, requests for admission, or any other discovery undertaken in this Action.

2.1.2 Any Producing Party may designate non-publicly disclosed Documents as "Confidential" that the party reasonably and in good faith believes contains or refers to Confidential Information. In designating information as "Confidential," the Producing Party will make such designation only as to that information the party in good faith believes contains information lawfully entitled to confidential treatment under applicable law.

2.1.3 The Producing Party may designate a Document as "Confidential" by affixing the appropriate Legend to all copies of the Document. The Producing Party must make Document designations at the time of disclosure or within a reasonable time thereafter (in accordance with Section 2.11 below) if such designations are inadvertently omitted.

2.1.4 Designation shall be accomplished by placing the appropriate designation on every page of each document so designated or by any other reasonable

-3-

methods. In the case of confidential information disclosed on a non-paper medium (e.g., videotape, audiotape, computer disks, etc.), the appropriate designation shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation. Such designation is deemed to apply to the document itself and to the Confidential Information contained therein.

2.1.5 Any party may designate a deposition or hearing transcript (or any portion thereof or exhibit thereto) as "Confidential" by:

(a) making such designation on the record during the deposition or hearing (in which case the stenographer shall affix the appropriate Legend to the cover page and all designated pages of the transcript and all copies thereof); or

(b) informing all parties of such designation in writing within seven (7) days after receipt of the transcript (in which case any party in possession of an original or copy of the transcript shall affix the appropriate Legend to the cover page and all designated pages and exhibits).

**2.2** <u>Provisions and Limitations Of Use</u>

2.2.1 All designated Confidential Information shall be maintained in confidence and shall not be disclosed, directly or indirectly, to any person except as provided in this Protective Order.

2.2.2 All designated Confidential Information shall be used solely for purposes of the prosecution, defense, or settlement of this Action, including, without limitation, discovery, motions, briefs, and preparation for trial, and for no other purpose, except as otherwise stated within this Protective Order. This Protective Order does not affect the admissibility of designated Confidential Information.

2.2.3 Each deponent or third party witness to whom any party proposes to disclose designated Confidential Information at a deposition, trial, or other proceeding shall be given a copy of this Protective Order and informed of its contents, and thereby bound by the obligations of confidentiality and non-disclosure as set forth in this Protective Order.

-4-

W02-WEST:3AF1\401494811.1

STIPULATION AND PROTECTIVE ORDER

1  2.2.4  Qualified Persons.  Unless the Designating Party agrees otherwise, and subject to the provisions of Sections 2.4 and 2.9, designated Confidential Information and any summaries, copies, charts, or notes made therefrom, and any information contained therein or derived therefrom, shall be disclosed only to <u>the Court and its officers, and</u> qualified persons, <s>who shall be</s> <u>with the latter</u> bound by the terms of this Protective Order.  Qualified persons are limited to the following:

(a)  <s>the Court and its officers;</s>

(<s>b</s> <u>a</u>)  the parties to this Action, including officers and employees of a party, where needed for the preparation for and trial of this Action;

(<s>c</s> <u>b</u>)  counsel for CIT and employees of counsel;

(<s>d</s> <u>c</u>)  independent contractors, experts, consultants, private investigators, or advisors who are employed or retained by, or on behalf of, any of the parties or counsel for the parties to this Action to assist in preparation of the trial;

(<s>e</s> <u>d</u>)  stenographic reporters who are involved in depositions or any Court hearings or proceedings;

(<s>f</s> <u>e</u>)  copy service vendors;

(<s>g</s> <u>f</u>)  any other person as to whom the parties agree in writing that disclosure is appropriate.

**2.3**  <u>Duty to Inform of Protective Order</u>.  Unless the Designating Party agrees otherwise, designated Confidential Information may be disclosed to persons referred to in categories (<s>b</s> <u>a</u>), (<s>c</s> <u>b</u>), (<s>e</s> <u>d</u>), and (<s>f</s> <u>e</u>) of Section 2.2.4 only after such persons have been provided with, and have reviewed, a copy of this Protective Order.

**2.4**  <u>Persons Required to Sign Certification</u>.  Unless the Designating Party agrees otherwise, designated Confidential Information may be disclosed to persons referred to in categories (<s>d</s> <u>c</u>) and (<s>g</s> <u>f</u>) of Section 2.2.4 only after these persons have been provided with a copy of this Protective Order <u>and</u> have signed the certification attached hereto as **Exhibit A**.  A copy of this certification shall be retained by the party, or its counsel, disclosing the Confidential Information.

-5-

**2.5** Nothing herein shall prohibit a party, or its counsel, from disclosing a document that contains Confidential Information to the person whom the document identifies as an author, addressee, or recipient of such document.

**2.6** <u>Copies</u>. Any person who obtains access to designated Confidential Information under this Protective Order shall not make copies, abstracts, extracts, analyses, summaries, or other material which contain, reflect, or disclose Confidential Information, except for use in this litigation, and each such copy, abstract, extract, analysis, summary, or other material which contains, reflects, or discloses Confidential Information is to be treated in accordance with the provisions of this Protective Order. All copies of material stamped "Confidential" shall again be stamped with the respective designation if the original stamp was not reproduced in the duplicating process. In the event that copies are made in accordance with the foregoing, all such copies shall constitute and be treated as "Confidential" Documents as provided in this Protective Order. Any person making, or casuing to be made, copies of any designated Confidential Information shall make certain that each copy bears the appropriate Legend pursuant to the requirements hereof.

**2.7** <u>Objections to Designation</u>. Following the receipt of Documents designated as "Confidential," any party to the Action may object to the designation of such Document and seek a modification of such designation by serving a written objection on the Designating Party. Thereafter, the objecting party shall first make a good-faith effort to resolve such dispute with counsel for the Designating Party. If the objecting party and the Designating Party are unable to resolve the objection, the objecting party shall move the Court for an order with respect to the disputed information. The objecting party's obligation to seek de-designation of Documents does not affect the Designating Party's burden to show that the Document is correctly designated as "Confidential." In the event that any party files a motion to release a Document from a designation as "Confidential," ~~the motion must be filed~~ <u>that party must seek to file any such Document and any related Confidential Information,</u> under seal, ~~to the extent it discloses designated Confidential Information,~~ in accordance with the procedure set forth in the Eastern District of California

-6-

1 Local Rule 39-141.  The designated Confidential Information shall be subject to and
2 protected by this Protective Order under the designation assigned by the Designating Party
3 until the Court, in it sole discretion, has ruled on and resolved any such motion.

         **2.7.1**    A party shall not be obligated to challenge the propriety of a "Confidential" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

    **2.8**    Separate Protective Order or Modification of This Protective Order.  This Protective Order shall be without prejudice to the rights of the parties to this Action to present a motion to the Court for a separate protective order as to any particular Document or information, including restrictions differing from those specified in this Protective Order.  In addition, this Protective Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Protective Order.

    **2.9**    Filing Confidential Information.  No designated Confidential Information shall be filed in the public record of this Action, except as ordered by the Court.  All material designated as "Confidential" in accordance with the terms of this Protective Order ~~that is~~ to be filed with the Court, and any portions of pleadings, motions, or other papers containing Confidential Information, shall be filed only after the filing party seeks filing under seal in accordance with the procedures set forth in Eastern District of California Local Rule 39-141.

    **2.10**    Subpoena of Confidential Information.  If at any time any Confidential Information is subpoenaed, or otherwise requested by any other person or entity purporting to have authority to require the production of any such Confidential Information, the party to whom the subpoena or other request is directed shall give written notice within five (5) business days thereof to the Designating Party and shall make no disclosure unless ten (10) court days have elapsed from the date on which written notice was given without objection by the Designating Party or unless the Designating Party has consented in writing.

/////

**2.11** Inadvertent Production or Disclosure

      2.11.1 The inadvertent production or disclosure of Confidential Information by a Producing Party shall not constitute a waiver of any claim of confidentiality where (a) the Producing Party notifies the receiving party in writing of such inadvertent disclosure within ten (10) business days of becoming aware of such disclosure; and (b) within thirty (30) days of such notice, the Producing Party provides properly re-designated Documents to the receiving party. The receiving party shall not be deemed to have breached this Protective Order in the event that undesignated Confidential Information is disclosed to any person not identified in paragraph 2.2.4 prior to notice of such inadvertent disclosure by the Producing Party. During the thirty (30) day period after notice, the materials shall be treated as designated in the Producing Party's notice. Upon receipt of properly re-designated Documents, the receiving party shall destroy or return all unmarked or incorrectly designated Documents to the Producing Party within five (5) business days. All parties, however, reserve all rights to challenge the confidential status of such inadvertent production or disclosure.

      2.11.2 Inadvertent Disclosure to Third Parties. Upon learning that Confidential Information has been inadvertently disclosed by a receiving party to any person or party not authorized to receive them by this protective Order, then the receiving party shall: (a) immediately notify the Designating Party; (b) use its best efforts to obtain the return of any such Confidential Information and to bind such person or party to the terms of this Protective Order; (c) within seven (7) business days of the discovery of such disclosure, inform such person or party of all provisions of this Protective Order and identify such person or party to the Designating Party; and (d) request such person or party to sign the certification attached hereto as **Exhibit A**. The executed certification shall be served upon the Designating Party within ten (10) business days of its execution by the party to whom the Confidential Information was inadvertently disclosed. Nothing in this section is intended to limit the remedies that the Designating Party may pursue for breach of this Protective Order.

2.11.3 <u>Inadvertent Production of Privileged or Protected Documents</u>. If information subject to a claim of attorney-client privilege or work product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information. If a party has inadvertently produced information subject to a claim of privilege or immunity, upon written request made by the Producing Party within twenty-one (21) days of discovery of such inadvertent production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request unless the receiving party intends to challenge the Producing Party's assertion of privilege or immunity. All copies of inadvertently produced Documents shall be destroyed, and any Document or material information reflecting the contents of the inadvertently produced information shall be expunged. If a receiving party objects to the return of such information within the seven (7) business day period described above, the Producing Party may move the Court for an order compelling the return of such information. Pending the ruling, a receiving party may retain the inadvertently produced Documents in a sealed envelope and shall not make any use of such information.

**2.12** <u>Continuation of Protection After Disposition</u>. The termination of proceedings in this Action shall not relieve any of the parties from the obligation of maintaining the confidentiality of all designated Confidential Information produced and designated pursuant to this Protective Order, unless all of the parties to this Action agree otherwise. The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon the final disposition of this Action, the parties shall automatically and promptly return any designated Confidential Information (and all copies made thereof) to the Producing Party from whom such Documents were obtained or shall certify the destruction thereof; provided, however, that the parties shall be entitled to keep in their possession any court filings, deposition transcripts or hearing transcripts containing Confidential Information, all of which shall continue to be governed by this Protective Order.

**2.13** The provisions of this Protective Order apply to all proceedings in this Action, including all appeals, arbitrations, and proceedings upon remand, except that, <u>unless otherwise ordered by the Court,</u> the provisions of this Protective Order shall not apply to evidence presented at court proceedings nor otherwise restrict any party from introducing designated Confidential Information as evidence at trial. A party may seek a protective order <u>from the Court</u> prior to trial with respect to testimony containing designated Confidential Information that may be offered at trial or specific documents containing designated Confidential Information that may be marked as exhibits at trial in order to maintain the continued confidentiality of such information.

**2.14** Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this Action, and, in the course thereof, relying upon his examination of Confidential Information.

The parties agree to be bound by the terms of this Protective Order and begin producing Documents pending entry of the Protective Order by the Court.

Dated: April ___, 2009

        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

        By _____
            BRIAN R. BLACKMAN
            SCOTT B. LIEBERMAN
            RUBEN D. ESCALANTE
            Attorneys for Defendant
            CIT GROUP, INC.

Dated: April ___, 2009

_____
GREG RAFFETTO

Dated: April ___, 2009

_____
GAYLON TESLAA

Dated: April ___, 2009

_____
SARA TESLAA

1 **<u>ORDER</u>**

2       IT IS SO ORDERED.

3 DATED: May 22, 2009.

4 _____
U.S. MAGISTRATE JUDGE

# EXHIBIT A

## **<u>NON-DISCLOSURE CERTIFICATION</u>**

I, _____, hereby declare under penalty of perjury that I have read in its entirety and understand the Stipulation and [Proposed] Protective Order Concerning Confidential Information Produced or Utilized in Discovery (the "Protective Order") that was issued by the United States District Court for the Eastern District of California in the case entitled *Mastodon Investments, Greg Raffetto, et al. v. CIT Business Lending*, Case No. 08-CV-392 FCD (KJM) (the "Action"). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply may expose me to sanctions and punishment in the nature of contempt. I agree that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in compliance with the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this Action.

Dated: _____

      SIGNATURE: _____

      Print Name: _____

Dated: _____

      WITNESS (if available): _____